**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERIC HOHMANN**                                    **CIVIL ACTION**

**VERSUS**                                          **NO:  17-08384**

**SOCIAL SECURITY ADMINISTRATION**                  **SECTION: "G" (4)**

**REPORT AND RECOMMENDATION**

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("The Commissioner") pursuant to Title 42 U.S.C. § 405(g). The Commissioner denied the request of Plaintiff, Eric Hohmann, ("Hohmann"), for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423 and for Supplemental Security Income Benefits ("SSI") pursuant to Title XVI, 42 U.S.C. § 423.[1]

## I.    Background

Hohmann is a forty-nine years and six months old male, 182 pounds, 6-feet tall, who has a GED, and with relevant work history as a courier, sedentary work. R. Doc. 15-3, Tr. 54. Hohmann filed for a period of disability and DIB under Title II and SSI under Title XVI on September 8, 2014, alleging disability since September 18, 2013 due to degenerative disc disease of the lumbar spine and spondylolisthesis. R. Doc. 15-2, Tr. 20. All claims were initially denied in December of 2014. R. Doc. 15-3, Tr.  55.

---

[1] Rec. Doc. No. 1, p.1.

Hohmann filed a written request for hearing on January 20, 2015. R. Doc. 15-4, Tr. 68-70. Thomas G. Henderson, the Administrative Law Judge ("ALJ"), held a hearing on April 28, 2016. R. Doc. 15-2, Tr. 30-46.  The ALJ denied Hohmann's claim on May 26, 2016, finding he was not disabled under the meaning of the Social Security Act ("SSA"). R. Doc. 15-2, Tr. 17-29.

In his decision, the ALJ analyzed Hohmann's claims pursuant to the five-step[2] evaluation process used to determine whether a claimant is disabled. Using this process, the ALJ found that Hohmann met the insured status requirements of the SSA through December 31, 2018, and that he did not engage in substantial gainful activity since September 1, 2014,[3] his alleged onset date. *Id.*, Tr. 22.  The ALJ further found that he suffered from degenerative disc disease ("DDD") of the lumbar spine, a severe impairment. *Id.*  Although Hohmann alleges DDD, the ALJ  found that it did not rise to the level of severe impairment and  that Hohmann did not have an impairment, or combination thereof, which medically equaled the impairments listed in 20 C.F.R. Part. 404, Subpart P, Appendix 1, so as to constitute a presumptive disability. *Id.*, Tr. 23.

Hohmann filed a complaint contending that the ALJ's decision was not based upon substantial evidence because with past relevant work history as a courier he has acquired no skills

---

[2] To determine whether a claimant is disabled, and thus entitled to disability benefits, a five step analysis is employed. *Carey v. Apfel*, 230 F.3d 131, 13435 (5th Cir. 2000) (citing *Crowley v. Apfel*, 197 F.3d 194 (5th Cir. 1999)). First, the claimant must not be presently working at any substantial gainful activity. *Id.* Second, the claimant must have an impairment or combination of impairments that are severe. *Id.* An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. *Id.* Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work that exists in the national economy, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.; See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

[3] Upon advice of counsel, during the administrative hearing, Hohmann amended his alleged onset date to September 1, 2014. R. Doc. 15-2, Tr. 44-46.

that are transferable because the position was classified as unskilled. R. Doc. 16. He alleges further that while he was 49 years old at the time of the amended onset date and considered a younger individual, he has now turned 50 years old and is classified as a "person closely approaching advanced age." *Id.* As a result, Hohmann contends that he would be considered disabled if his residual functional capacity is determined to be sedentary pursuant to the Medical-Vocational Guidelines. *Id.*

Hohmann alleges that grid rule number 201.12 would direct a finding of "disabled" in this case. *Id.* at p. 2. Hohmann contends that while the grid rule would not apply to the months prior to attaining 50, the disability claim should be remanded to the ALJ because the ALJ erroneously assigned him an RFC of "light duty" which is reversible error.  Hohmann also contends that the ALJ improperly rejected the opinion of his treating physician Dr. Floyd.  Hohmann contends that the non-examining physician, Dr. James, relied upon records that preceded the amended onset date.  Consequently, Dr. James's opinion is based upon one date of treatment on December 8, 2014, which according to Hohmann is insufficient to support the RFC requiring a supplementation of the evidence of record. *Id.*

The Commissioner contends that the ALJ properly evaluated Dr. Floyd's opinion. R. Doc. 19, p. 5. The Commissioner contends that Dr. Floyd provided no objective medical findings or support for his check-box opinion in a "questionnaire" format.   The Commissioner contends that the questionnaire format typifies "brief or conclusory testimony" not entitled to controlling weight. Therefore the ALJ's decision is based upon substantial evidence. *Id.* at pp. 5-6.

## II.    <u>Standard of Review</u>

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to

determining whether: (1) the final decision is supported by substantial evidence; and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). However, an ALJ's failure to apply the correct legal test constitutes a ground for reversal. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *Ripley v. Chater,* 67 F.3d, 552, 555 (5th Cir. 1995); citing *Richardson v Perales*, 402 U.S. 389, 401 (1971). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found where there is only a "conspicuous absence of credible choices" or "contrary medical evidence." *See Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973). However, a single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by treating physicians. *Franklin v. Soc. Sec. Admin.*, No. 122681, 2013 WL 5739078, at *2 (E.D. La. Oct. 22, 2013) (citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3rd Cir. 1983)).

The ALJ must give controlling weight to the opinion of a treating physician if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not

inconsistent with . . . other substantial evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) (citing 20 C.F.R. § 404.1527(c)(2)). However, "[t]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). The relevant criteria to consider provides that the ALJ consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R § 404.1527. "Good cause for abandoning the treating physician rule includes 'disregarding statements [by the treating physician] that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by evidence". *Leggett v. Chater,* 67 F.3d 558, 566 (5th Cir. 1995).

Where there is reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, the ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under 20 CFR 404.1527. *See Newton*, 209 F.3rd 448. Further, regardless of the opinions and diagnoses of medical sources, "the ALJ has sole responsibility for determining a claimant's disability status."*Martinez v. Chater*, 64 F.3d 173, 176 (5th Cir. 1995).

Finally, the Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [his] age, education, and work history." *Hendricks v. Apfel*, No. 99-1212, 2000 WL 174884, at *3

(E.D. La. Feb. 14, 2000) (*citing Martinez*, 64 F.3d at 174).

The concept of disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than twelve months." 42 U.S.C. 416(i)(1), 423(d)(1)(A). Section 423(d)(3) of the Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. 423(d)(3).

## III.  <u>Analysis</u>

Hohmann alleged that the ALJ erred when he accepted the non-examining physician's opinion because it was not supported by substantial evidence.  Specifically, he suggests that because during the administrative hearing he changed the onset date from September 2013 to September 2014, the non-treating physician's reliance on records before the onset date renders his opinion based upon minimal rather than substantial evidence.  Secondly he contends that because he is now fifty years old he would be considered as disabled if the Medial Vocational Guidelines were applied and therefore this matter should be remanded for consideration.

The Commissioner contends that: (1) the Court may not consider Hohmann's additional evidence as part of the substantial review; and (2) the ALJ properly considered Dr. Floyd's opinion.  The Commissioner, therefore, contends that the ALJ's decision is based upon substantial evidence and the ALJ's decision should be affirmed.

### A.  <u>New Evidence, Post-Ruling</u>

According to the record before the filing of his appeal brief, Hohmann filed an *Ex Parte*

*Motion for Leave to Submit Additional Evidence*. R. Doc. 9. Hohmann asserts that because he is now classified as a "person closely approaching advanced age" in addition to the vocational expert's opinion that as a courier he acquired no transferable skills, he would be classified as disabled.  R. Doc. 16.

The Commissioner contends that the additional evidence should not be consider because the plaintiff fails to establish that the extra-record evidence is material and there is good cause for the failure to incorporate the evidence into the record of the administrative proceeding. R. Doc. 19.

A review of new evidence is limited to determining whether to remand the case to the Commissioner for consideration of newly presented evidence. *Haywood v. Sullivan,* 888 F.2d 1463, 1471 (5th Cir. 1989); *Nickerson v. Secretary of Health and Human Services,* 894 F.Supp. 279, 284 (E.D. Tex. 1995). Remand is appropriate upon a showing that the evidence is new and material and that good cause exists for the failure to incorporate the evidence into the record in the prior proceedings. *Bradley,* 809 F.2d at 1058 (5th Cir. 1987); *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985). New evidence would be material if it relates to the relevant time period for which benefits were denied, and must not concern evidence of a subsequently-acquired disability or of the subsequent deterioration of a previously non-disabling condition. *Bradley,* 809 F.2d at 1058. New evidence would also be material if there is a reasonable possibility the outcome would have been different for the claimant because of this new evidence. *Latham v. Shalala,* 36 F.3d 482, 483 (5th Cir. 1994).

Hohmann, in his motion to supplement, states that the records he seeks to add were unavailable at the time of the hearing before the ALJ and at the time his claim was submitted to

the Appeals Council for review. These records cover a period of time after the ALJ's Decision, before the Appeals Council Decision, and after both of these Decisions. The additional evidence Hofmann seeks to add to the record are for treatment at Causeway Interventional Medicine, after the administrative decision was rendered from September 13, 2016 to August 29, 2017. Moreover, portions of these records document treatment that occurred following June 6, 2016, when the claim was submitted to the Appeals Council for review. All of these records cover the period of time after the alleged onset date of September 18, 2013.

In a case involving recovery of disability insurance benefits, a plaintiff must prove disability prior to the date her insured status expires. *Torres v. Shalala,* 48 F.3d 887, 889 (5th Cir. 1995); *Anthony v. Sullivan,* 954 F.2d 289, 295 (5th Cir. 1992).  Newly submitted medical records that show deterioration in plaintiff's condition after that date are not relevant and do not suffice to meet plaintiff's burden. *Torres,* 48 F.3d at 894.

The lab work that is in the additional medical records was secured on May 2, 2017, well after the ALJ's opinion and which Hofmann contends clearly shows that his condition worsened after the hearing. He does not explain why this medical information would be classified as material. The records were not generated for almost a year after the ALJ's decision. Further, while it shows a continuation of treatment, a showing of disability is required before the expiration of the insured status.

Additionally, Hohmann contends that he turned fifty after the opinion.  The ALJ properly noted that Hohmann was 49 years old on the amended onset date.  He also noted that Hohmann changed the age category to closely approaching advanced age. After considering the Medical-Vocational Guidelines, the jobs available, and his residual capacity, the ALJ found that Hohmann

was not disabled. The Court notes that the very issue that Hohmann complains about, *i.e.* the change in age, was noted in the opinion and therefore is not new evidence requiring a remand. Additionally, given that the evidence showing a deterioration cannot be considered to show that Hofmann's burden was met, the Court finds that remand is not appropriate and that the ALJ's decision is based upon substantial evidence.

### B. Consideration of the Treating and Non-Treating Physicians' Opinions

Hofmann next contends that the ALJ erred because he relied upon the non-treating physician in rendering his opinion. Hofmann contends that generally the ALJ is to give greater weight to the medical opinion of a source that has examined the claimant rather than a medical source who has not.

The Commissioner, in contrast, contends that the ALJ properly evaluated the opinion of the treating physician, Dr. Floyd, because it was simply a "check-box" form that indicated Hofmann had a variety of physical limitations, including an ability to lift no more than 10 pounds occasionally, a need to alternate between sitting and standing to alleviate pain or discomfort-limitations generally consistent with sedentary work under the regulations. R. Doc. 15-7, Tr. 303-311. The Commissioner contends that the ALJ'S decision to reject Dr. Floyd's opinion was proper because there was not objective medical findings or support for his "check-box" opinion. The Commissioner notes that Dr. Floyd noted only "limitations due to patient's lumbar spine condition," such that it is not entitled to controlling weight. *Id.*, Tr. 305-06.

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton,* 209 F.3d at 455 (citing *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala,* 38

F.3d 232, 237 (5th Cir. 1994)). If the treating physician opinion on the nature and severity of the impairment is consistent with other substantial evidence and is supported by diagnostic techniques, the opinion should be given controlling weight. *Id.* The ALJ has the sole responsibility for determining the claimant's disability status and can reject or give less weight to the opinions of a treating physician for good cause. *Id.* at 455-56.

For example, an ALJ could give a treating physician's opinion less weight if the opinion is conclusory, unsupported by medical or diagnostic tests, or otherwise unsupported by evidence. *Id.* at 456. However, "an ALJ is required to consider each of the § 404.1527([c]) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Id.* Those factors include: "(1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician" *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). If the ALJ fails to conduct this analysis, reversal is only appropriate if the failure prejudiced the claimant. *See Boyd v. Colvin,* No. CV 14-2166, 2015 WL 8598537, at *3 (E.D. La. Dec. 14, 2015) (citing *Brock v. Chater,* 84 F.3d 726, 729 (5th Cir. 1996)).

The ALJ considered the treatment records of Dr. Floyd, who began treating Hohmann in July 2015 for persistent low back pain. Rec. Doc. 15-2, Tr. 25. The ALJ noted that the physical examination showed decreased range of motion in the lumbar spin on flexion and extension and a positive straight leg raise. *Id.* He noted that the neurological examination yielded normal results and Hohmann was diagnosed with chronic pain. *Id.* He further noted that Hohmann was taking Oxycodone, Naproxen, Neurontin, Mobic, and formerly Percocet. *Id.*

The ALJ noted that in March 2016, Dr. Floyd completed the physical residual functional capacity assessment of Hohmann and noted his primary and secondary diagnosis. R. Doc. 15-2, Tr. 26. He noted that Dr. Floyd restricted Hohmann to sedentary work with lifting and carrying 10 pounds frequently and occasionally, standing and walking for less than 2 hours in an 8-hour workday and alternating sitting and standing. *Id.* He noted Dr. Floyd's report of Hohmann's postural limitations and the physician's limiting him from occasional climbing, stopping, kneeling, crawling, and the complete avoidance of crouching. *Id.* Dr. Floyd did not note any additional limitations. *Id.*

After considering Dr. Floyd's residual functional capacity, the ALJ's assessment only gave it little weight because he found that Dr. Floyd's opinion did not accurately reflect the evidence in the record. R. Doc. 15-2, Tr. 27. He noted that there was only one physical examination that detailed objective findings of the spinal dysfunction and that there were only minimal physical findings on examination to support Hohmann's diagnosis or his substantial need for narcotic medication. *Id.* He also found that there were not subsequent examinations to show a continued pattern of spinal dysfunction. *Id.*

In considering the opinion of the ALJ, the Court finds that his decision to give little weight to Dr. Floyd is based upon substantial evidence. The record provided sufficient information to support the finding of little weight. For example, the MRI of Hohmann's spine revealed disc signal abnormality with mild disc height, loss and disc desiccation most notably at the L3-L4 level and also loss at the L4-L5 level. R. Doc. 15-7, Tr. 244. It did not reveal any significant foraminal narrowing and only mild discogenic degeneration, degenerative listhesis and stenosis. *Id.*, Tr. 244-45.

It indicated, and the ALJ considered, that Dr. Tilton upon examination noted that Hohmann had no neurological issues, a normal gait, normal sensation, full muscle strength, negative straight leg raise tests, and 5/5 dorsiflexion and plantar reflexion. *Id.*, Tr. 265-66, 271, 295-96, 301, 302. The ALJ also considered Hohmann's daily activities of preparing meals, doing laundry, washing dishes, cleaning the house, and having no problems with personal care. *Id.*, Tr. 185-87. The Court finds the ALJ properly considered the factors he was required to, and considering the evidence in the record, the ALJ's opinion is based upon substantial evidence.

## IV.    Recommendation

**IT IS RECOMMENDED** that the decision of the Administrative Law Judge denying Eric Hohmann Disability Insurance Benefits and Supplemental Social Security Income benefits be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 17th day of July, 2018.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.