# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC HOHMANN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-08384** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court are Plaintiff Eric Hohmann's ("Plaintiff") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant"), denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Act.[3] The Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff DIB and SSI be affirmed and Plaintiff's case be dismissed with prejudice.[4] Having considered Plaintiff's objections, the Magistrate Judge's Report and Recommendation, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 20.

[3] Rec. Doc. 1.

[4] Rec. Doc. 21.

1

## I. Background

### A. *Procedural History*

Plaintiff filed a claim for DIB and SSI on September 8, 2014, alleging disability beginning on September 18, 2013, due to degenerative disc disease and spondylolisthesis.[5] After Plaintiff's claims were denied at the agency level, Plaintiff requested a hearing before an ALJ, which was held on April 28, 2016.[6] During the hearing, Plaintiff moved to amend the alleged onset date from September 18, 2013 to September 1, 2014, and the ALJ grated the motion to amend.[7] On May 26, 2016, the ALJ issued an opinion denying Plaintiff's application for benefits.[8] The ALJ analyzed Plaintiff's claims pursuant to the five-step sequential evaluation process.[9] At step one, the ALJ

---

[5] Adm. Rec. at 20.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 17–29.

[9] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id.* §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's

concluded that Plaintiff has not engaged in substantial gainful activity since September 1, 2014, the amended alleged onset date.[10] At step two, the ALJ concluded that Plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine."[11] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the regulations.[12]

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following restrictions: (1) Plaintiff has postural limitations such that he is limited to occasional climbing, balancing, stopping, kneeling, crouching, and crawling and (2) Plaintiff must avoid concentrated exposure to work hazards such as dangerous machinery or heights.[13] At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work.[14] At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform such as a cashier, box office cashier, and storage rental clerk.[15] Therefore, the ALJ determined that Plaintiff was not disabled from the amended alleged onset date of disability of September 1, 2014, through the date of the decision.[16]

---

vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969.

[10] Adm. Rec. at 22.

[11] *Id.*

[12] *Id.* at 23.

[13] *Id.*

[14] *Id.* at 27.

[15] *Id.* at 28.

[16] *Id.* at 29.

3

Plaintiff requested review of the ALJ's decision by the Appeals Council.[17] The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied Plaintiff's request for review on August 7, 2017.[18]

On August 28, 2017, Plaintiff filed a complaint in this Court seeking judicial review pursuant to Section 405(g) of the Act.[19] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On November 9, 2017, the Commissioner answered the complaint.[20] On December 18, 2017, Plaintiff filed a brief raising two issues on appeal: (1) the matter should be remanded to the ALJ because following the hearing Plaintiff reached the age of fifty years old and would be considered disabled if the Medial Vocational Guidelines were applied based on his current age and medical condition and (2) the ALJ improperly rejected the opinion of Plaintiff's treating physician as to Plaintiff's RFC in favor of an opinion by a non-treating physician.[21] On February 23, 2018, the Commissioner filed a response to Plaintiff's brief asserting: (1) the Court cannot consider new evidence regarding Plaintiff's current age and medical condition and (2) the ALJ properly considered the treating physician's opinion.[22]

---

[17] *Id.* at 1.

[18] *Id.*

[19] Rec. Doc. 1.

[20] Rec. Doc. 14.

[21] Rec. Doc. 16.

[22] Rec. Doc. 19.

*B.      The Magistrate Judge's Report and Recommendation*

On July 18, 2018, the Magistrate Judge recommended that Plaintiff's case be dismissed with prejudice.[23] The Magistrate Judge first addressed Plaintiff's argument that this Court should consider new medical evidence and evidence that Plaintiff turned fifty years old and would be considered a "person closely approaching advanced age."[24] The Magistrate Judge explained that a federal district court's review of new evidence is limited to a determination of whether the case should be remanded to the ALJ for consideration of the evidence.[25] The Magistrate Judge noted that remand is appropriate upon a showing that the evidence is both new and material and that good cause exists for the failure to incorporate the evidence into the record in the prior proceedings.[26] The Magistrate Judge determined that the new medical evidence related to the deterioration of Plaintiff's condition after the ALJ hearing, meaning it is not relevant and that Plaintiff failed to meet his burden of proving that the information was material.[27] The Magistrate Judge also noted that Plaintiff must prove disability before the date his insured status expires, and evidence showing a deterioration of his condition after that date is not relevant.[28] Furthermore, the Magistrate Judge determined that the evidence regarding Plaintiff's age was not new, as the ALJ noted in the decision that Plaintiff was 49 years old at the time of the amended onset date and

---

[23] Rec. Doc. 20 at 12.

[24] *Id.*

[25] *Id.* at 7.

[26] *Id.*
[27] *Id.* at 8.

[28] *Id.* (citing *Torres v. Shalala*, 48 F.3d 887, 889 (5th Cir. 1995); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)).

5

"closely approaching advanced age."[29] Therefore, because the ALJ considered Plaintiff's age and still determined Plaintiff was not disabled, the Magistrate Judge found that remand was not appropriate.[30]

Second, the Magistrate Judge assessed whether the ALJ erred by placing little weight on the opinion of Plaintiff's treating physician.[31] The Magistrate Judge reviewed the ALJ's opinion and determined that the ALJ's decision to give little weight to Plaintiff's treating physician was supported by substantial evidence.[32] The Magistrate Judge also found that the ALJ considered the appropriate factors when making such a determination.[33] Accordingly, the Magistrate Judge recommended that the decision of the ALJ denying Plaintiff DIB and SSI be affirmed.[34]

## II. Objections

### A. *Plaintiff's Objections*

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on August 1, 2018.[35] Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence, as Plaintiff contends that the ALJ improperly weighed the evidence of Dr. Williams, the non-treating physician, over that of Dr. Floyd, Plaintiff's treating physician.[36] Plaintiff contends that the time period for the ALJ's assessment of whether Plaintiff was disabled ran from

---

[29] *Id.*

[30] *Id.* at 9.

[31] *Id.*

[32] *Id.* at 10–12.

[33] *Id.*

[34] *Id.* at 12.

[35] Rec. Doc. 21.

[36] *Id.* at 1.

6

September 1, 2014, through the date of the hearing, April 28, 2016.[37] Plaintiff alleges that Dr. William's assessment was relevant to only 20% of "the time period at issue."[38]

Plaintiff contends that the RFC assessment by Dr. Williams, the non-treating physician, is inconsistent with the record, and that the ALJ incorrectly found that the RFC assessment by Dr. Floyd, the treating physician, did not accurately reflect the evidence in the record.[39] Plaintiff then asserts that the Magistrate Judge erred by allowing the ALJ to "substitute his lay opinion for acceptable medical evidence."[40] Last, Plaintiff argues that the Magistrate Judge and ALJ erred by determining that Dr. Floyd only conducted one physical examination of Plaintiff "with findings," and instead contends that Dr. Floyd conducted numerous examinations, where Dr. Floyd noted that there was no change in Plaintiff's condition.[41]

*B.     The Commissioner's Response*

The Commissioner did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing posted on August 1, 2018.

### III. Standard of Review

*A.     Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to a Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended

---

[37] *Id.* at 2.

[38] *Id.* at 1.

[39] *Id.* at 3–6.

[40] *Id.* at 11–12.

[41] *Id.* at 12–13.

7

disposition" of a magistrate judge on a dispositive matter.[42] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[43] A district court's review is limited to plain error of parts of the report which are not properly objected to.[44]

### B. *Standard of Review of Commissioner's Final Decision on DIB and SSI Benefits*

Under 42 U.S.C. § 405(g) the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[45] Appellate review of the Commissioner's denial of DIB and SSI benefits[46] is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.[47] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[48] The Court must review the whole record to determine if such evidence exists.[49] However, the district court cannot "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment

---

[42] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[43] *Id.*

[44] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[45] 42 U.S.C. § 405(g).

[46] The relevant law and regulations governing a claim for DIB are identical to those governing a claim for SSI. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1382 n. 3 (5th Cir. 1988).

[47] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

[48] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Perez*, 415 F.3d at 461; *Loza*, 219 F.3d at 393; *Villa*, 895 F.2d at 1021–22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

[49] *Singletary v. Bowen*, 798 F.2d 818, 822–23 (5th Cir. 1986).

for the Commissioner's."[50] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[51] A court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history."[52]

## IV. Law and Analysis

### A.     *Applicable Law for Qualification of DIB and SSI Benefits*

To be considered disabled, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[53] The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.[54] The regulations include a five-step evaluation process for determining whether an impairment constitutes a disability, and the five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.[55] The claimant has the burden of proof under the first four parts of the inquiry, and if he successfully carries this burden, the burden shifts to the

---

[50] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[51] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

[52] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

[53] 42 U.S.C. § 423(d)(1)(A).

[54] 20 C.F.R. §§ 404.1501 to 404.1599 & Apps. §§ 416.901 to 416.998 (2008).

[55] *Id.* §§ 404.1520, 416.920; *Perez*, 415 F.3d at 461.

9

Commissioner at step five to show that the claimant is capable of engaging in alternative substantial gainful employment, which is available in the national economy.[56]

In the instant case, the ALJ concluded that Plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine."[57] The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the regulations.[58] The ALJ found that Plaintiff had the RFC to perform light work with the following restrictions: 1) Plaintiff has postural limitations such that he is limited to occasional climbing, balancing, stopping, kneeling, crouching, and crawling and (2) Plaintiff must avoid concentrated exposure to work hazards such as dangerous machinery or heights.[59] However, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform as a cashier, box office cashier, and storage rental clerk.[60] Therefore, the ALJ determined that Plaintiff was not under a disability from September 1, 2014, through the date of the decision.[61] The Court may disturb that finding only if the ALJ lacked "substantial evidence" to support it.[62]

---

[56] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

[57] Adm. Rec. at 22.

[58] *Id.* at 23.

[59] *Id.*

[60] *Id.* at 28.

[61] *Id.* at 29.

[62] *See Perez*, 415 F.3d at 461.

10

## B.   *Was the ALJ's RFC determination supported by substantial evidence?*

Plaintiff objects to the Magistrate Judge's finding the ALJ's RFC determination was based on substantial evidence. Plaintiff argues that the RFC determination was not based on substantial evidence because the ALJ failed to properly weigh the opinion evidence of record. Specifically, Plaintiff asserts that the ALJ improperly weighed the opinion of the non-treating physician, Dr. Williams, by giving it more weight than that of the treating physician, Dr. Floyd. The non-treating physician determined that Plaintiff could perform work at the light extertional level of functioning, while the treating physician, Dr. Floyd, determined that Plaintiff was limited to sedentary work.[63]

The ALJ evaluated Dr. Floyd's opinion and determined that it was entitled to little weight.[64] Following his examination of Plaintiff in March 2016, Dr. Floyd restricted Plaintiff to sedentary work, with frequent lifting and carrying of up to ten pounds and occasional standing and walking for less than two hours.[65] Dr. Floyd also opined that Plaintiff had postural limitations, which limited him to only occasional climbing, stooping, kneeling, and crawling.[66] The ALJ found this opinion was not supported by substantial evidence because, while Dr. Floyd treated Plaintiff regularly, there "were only minimal physical findings on examination to support [Plaintiff's] diagnosis or to substantiate the need for narcotic medications."[67] Further, the ALJ noted that Dr. Floyd only conducted one physical examination which detailed the findings of spinal

---

[63] Adm. Rec. at 26–27.

[64] *Id.* at 27.

[65] *Id.* at 26.

[66] *Id.*

[67] *Id.* at 27.

dysfunction.[68] Moreover, the ALJ noted that Dr. Floyd "indicated that [Plaintiff's] hips and knees were within normal limits and other evidence showed [Plaintiff] as exhibit[ing] a normal gait with an ability to sit and stand comfortably," which directly contradicted Dr. Floyd's RFC assessment.[69]

The Fifth Circuit has held that "[t]he ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly.'"[70] "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."[71] However, "it is clear that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position."[72]

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability."[73] If the treating physician's opinion on the nature and severity of the impairment is consistent with other substantial evidence and is supported by diagnostic techniques, the opinion should be given controlling weight.[74] The ALJ has the sole responsibility for determining the claimant's disability status and can reject or give less weight to the opinions of a treating physician for good cause.[75] An ALJ may give a treating physician's opinion less weight if the opinion is conclusory,

---

[68] *Id.*

[69] *Id.*

[70] *Ramirez v. Colvin*, 606 F. App'x 775, 779 (5th Cir. 2015) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).

[71] *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted).

[72] *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

[73] *Newton,* 209 F.3d at 455 (citing *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994)).

[74] *Id.*

[75] *Id.* at 455–56.

unsupported by medical or diagnostic tests, or otherwise unsupported by evidence.[76] However, "an ALJ is required to consider each of the § 404.1527([c]) factors before declining to give any weight to the opinions of the claimant's treating specialist."[77] Those factors include: "(1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician."[78] If the ALJ fails to conduct this analysis, reversal is only appropriate if the failure prejudiced the claimant.[79]

Here, the ALJ considered these factors, when he chose to give Dr. Floyd's opinion little weight. First, the ALJ considered Dr. Floyd's length of treatment with Plaintiff, noting that Dr. Floyd treated Plaintiff on a regular basis.[80] Second, the ALJ noted that Dr. Floyd conducted only one physical examination that detailed the objective findings of spinal dysfunction and that subsequent examinations did not show a continued pattern of spinal dysfunction.[81] As to the third factor, the nature and extent of the relationship, the ALJ noted the regular nature of the visits and the scope of the examinations at the visits.[82] As to the fourth and fifth factors, the ALJ found that the medical evidence of the record and the record as a whole did not support Dr. Floyd's opinion

---

[76] *Id.* at 456.

[77] *Id.*

[78] *Id.* (citing 20 C.F.R. § 404.1527(c)(2)).

[79] *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996).

[80] Adm. Rec. at 27.

[81] *Id.*

[82] *Id.*

because Dr. Floyd's examination indicated that Plaintiff's hips and knees were in the normal limits and because the record as a whole showed Plaintiff exhibited a normal gait and could sit and stand comfortably, in direct contradiction with Dr. Floyd's opinion.[83] Last, the ALJ noted that Dr. Floyd was a physician at the Loyola Health Clinic.[84]

In his Objections, Plaintiff argues that the ALJ substituted his own lay opinion for that of Dr. Floyd.[85] In addition, Plaintiff contends that the ALJ incorrectly determined that Dr. Floyd only conducted one physical examination of Plaintiff because the medical notes for Plaintiff's later visits state no change in the results of Plaintiff's physical examination.[86] However, the ALJ never stated that Dr. Floyd conducted only one physical examination, but rather that Dr. Floyd only conducted one physical examination "that detailed the objective findings of spine dysfunction" and that no subsequent physical examinations showed a "continued pattern of spinal dysfunction."[87]

Plaintiff also alleges that the non-treating physician's, Dr. Williams, assessment only addressed part of the time of Plaintiff's alleged disability. However, this argument is not supported by the record because the ALJ relied upon evidence beyond the RFC assessment of Dr. Williams. The ALJ also considered the evidence from other treating physicians, including Dr. Tilton, who noted that Plaintiff had a normal gait, full muscle strength and negative straight leg raise tests,

---

[83] *Id.*

[84] *Id.* at 26.

[85] Rec. Doc. 21 at 11.

[86] *Id.* at 12–13.

[87] *Id.*

14

among other results.[88] Furthermore, the ALJ also noted that Plaintiff acknowledged in his function report that he could "care for his personal needs independently, perform simple household chores and prepare simple meals."[89]

This Court cannot reweigh the evidence in the record or substitute its judgment for the ALJ's.[90] The ALJ did not err in giving Dr. Floyd's opinion little weight because he determined that the opinion was not based on substantial evidence. Furthermore, the record evidence supports the ALJ's conclusion that Plaintiff could perform light work with restrictions. Therefore, the Court concludes that substantial evidence supported the ALJ's determination that Plaintiff had the RFC to perform light work with restrictions was supported by substantial evidence.

C. *Consideration of "New" Evidence*

Plaintiff does not object to the Magistrate Judge's determination that the case should not be remanded for consideration of new evidence. A federal district court's review of new evidence in a social security appeal is limited to a determination of whether the case should be remanded to the ALJ for consideration of the evidence.[91] The Magistrate Judge determined that Plaintiff failed to meet his burden of proving that the new medical evidence was material. Furthermore, the Magistrate Judge determined that the ALJ considered the evidence regarding Plaintiff's age. Reviewing for plain error and finding none, the Court adopts the Magistrate Judge's recommendation that the case should not be remanded for consideration of "new" evidence.

---

[88] *Id.* at 26.

[89] *Id.* at 27.

[90] *Newton*, 209 F.3d at 452.

[91] Rec. Doc. 20 at 7.

## V. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision denying Plaintiff's application for DBI and SSI was based on substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that Plaintiff's case is **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this 16th day of August, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**